United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 03-60799
Summary Calendar

——————————————

RICKY JOHNSON,

Plaintiff-Appellant,

versus

HINDS COUNTY SHERIFF'S DEPARTMENT; ET AL.,

Defendants,

HINDS COUNTY SHERIFF'S DEPARTMENT; STACY WRIGHT, Corporal;
KENYON BELL, Deputy; UNKNOWN ALDERMAN, Deputy; UNKNOWN
WASHINGTON, Deputy; UNKNOWN CHILDS, Deputy; JOHN DOE, Deputy,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-118-BN
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricky Johnson, formerly Mississippi inmate #38717, appeals the

magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint.

Johnson alleged that while he was confined as a pre-trial detainee

in the Hinds County Detention Center, Corporal Wright, Deputy Bell,

and other deputies used excessive force against him and denied him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adequate medical treatment. Johnson alleged that he suffered emotional and physical injuries, including a back injury from which he still suffers.

We review findings of fact made following a bench trial for clear error and legal conclusions de novo. Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998). The burden of showing clear error is heavier if the credibility of witnesses is a factor in the trial court's decision. Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000).

A review of the record, including the trial transcript, establishes that the magistrate judge's credibility findings are supported by the evidence. Johnson has not shown that the magistrate judge's findings on his claims of excessive force and denial of adequate medical treatment were clearly erroneous. See Canal Barge Co., 220 F.3d at 375. Accordingly, the judgment is AFFIRMED.